UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID M. LONG, RICO L. THOMAS,<br>OPIO D. MOORE, REGINALD DOUGLAS,<br>JR.,<br><br>          Defendants. | Criminal No.  10-171 (JDB) |

### MEMORANDUM OPINION & ORDER

As indicated at the motions hearing on March 9, 2012, the Court will sua sponte reconsider its decision to sever the trials of David Long and Reginald Douglas on Count One. See United States v. Rezaq, 899 F. Supp. 697, 701 (D.D.C. 1995) ("[a] district court always has the power to modify earlier orders in a pending case . . . [t]his authority does not rest in any particular federal rule, but emanates from the inherent power of the court").

The Court has now reinstated Counts Three and Four, which relate to the murder of Anthony Morissey, against Douglas. See [129] Memorandum Opinion & Order.  Douglas's argument for severance is slightly weaker with the Morissey murder counts reinstated, because the disparity between the charges against him and the charges against the other defendants is less dramatic.  Nonetheless, as the Court noted in its previous order, it is still sensible to sever Douglas's trial from that of the other defendants.  See [114] Opinion at 14 n.3.  All of the other defendants are charged with at least three murders or attempted murders, whereas Douglas is charged with one murder more than two decades old.  Moreover, all of the other defendants are charged with a RICO conspiracy while Douglas is charged only with the narcotics conspiracy.

1

Hence, the jury will hear significant evidence about an organized narcotics-distribution enterprise that is not admissible against Douglas, and it will be difficult for the jury to separate the evidence that is admissible against Douglas from the evidence that is not. And the inadmissible evidence against Douglas includes multiple homicides and violent assaults. Therefore, the Court is still persuaded that Douglas's trial must be severed from the trial of the RICO conspiracy.

In its previous opinion, the Court held that Long would be tried for the narcotics conspiracy with Douglas and tried on the RICO conspiracy and the Morissey murder charges with Moore and Thomas. The Court has now concluded, however, that Long should be tried with Moore and Thomas on all counts of the superseding indictment. In other words, all of the charges against Long should be tried together. As the Court noted in its previous order, Long is much less prejudiced than Douglas is by the combination of counts, because all the evidence will come in against Long at some point. See [114] Opinion at 14. Specifically, evidence about the narcotics conspiracy will come in during the RICO trial even if Long is tried separately on Count One, because the narcotics conspiracy is a predicate act of the RICO conspiracy. Moreover, the narcotics conspiracy is a special sentencing factor for the RICO conspiracy count, so the jury in the RICO conspiracy trial will have to separate out the evidence pertaining to the two conspiracies and make specific findings about whether or not Long was involved in the narcotics conspiracy. Given that, it seems unlikely that Long will be prejudiced by having all counts tried together.

Additionally, based on the discussions at the motions hearing, the Court is persuaded that trying Long with Douglas on Count One will result in substantial inefficiency. The government

will have to put on some evidence about the narcotics conspiracy twice regardless of whether Long is tried with Douglas or with the RICO defendants on Count One. But trying Long with Douglas on Count One would mean that the government would have to put on all of its evidence about Long's participation in the narcotics conspiracy twice instead of just once. Given the length and importance of Long's alleged participation in the narcotics conspiracy, there is likely to be a good deal of evidence that relates only to Long, and therefore a good deal of time spent putting on that evidence twice. Moreover, Long's attorneys will have to defend what is essentially the same case twice.

If the only defendants in this case were Long, Moore, and Thomas, the Court would not have severed the trial of Long on Count One under Fed. R. Civ. Proc. 14. The Court concludes that the presence of Douglas in this case should not change that analysis, particularly in that Douglas will be tried separately on the narcotics conspiracy and Morissey murder charges. The Court will amend its severance order accordingly.

It is therefore **ORDERED** that Reginald Douglas will be tried alone on Counts One, Three, and Four of the Superseding Indictment. David Long, Opio Moore, and Rico Thomas will be tried jointly on all counts against them. That trial is scheduled to commence on May 14, 2012.

**SO ORDERED.**

/s/
John D. Bates
United States District Judge

Dated: March 13, 2012